**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 08 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| OREGON NATURAL DESERT ASSOCIATION, | No. 08-35942 |
| Plaintiff - Appellant, | D.C. No. 6:06-cv-00242-AA |
| and | |
| CENTER FOR TRIBAL WATER ADVOCACY, | MEMORANDUM[*] |
| Plaintiff-intervenor, | |
| v. | |
| KENNY MCDANIEL, Burns District Manager, BLM; JOAN SUTHER, Andrews Resource Area Field Manger; RICHARD ROY, Three Rivers Resource Area Field Manager; ED SHEPARD, State Director, Oregon/Washington BLM; KEN SALAZAR, Secretary, United States Department of the Interior; UNITED STATES BUREAU OF LAND MANAGEMENT, | |
| Defendants - Appellees, | |
| HARNEY COUNTY, a political | |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

subdivision of the State of Oregon and STEENS MOUNTAIN LANDOWNER GROUP, INC.,

              Defendant-intervenors - Appellees.

 OREGON NATURAL DESERT ASSOCIATION,

              Plaintiff - Appellee,

CENTER FOR TRIBAL WATER ADVOCACY,

              Plaintiff-intervenor - Appellee,

  v.

KENNY MCDANIEL, Burns District Manager, BLM; JOAN SUTHER, Andrews Resource Area Field Manger; RICHARD ROY, Three Rivers Resource Area Field Manager; ED SHEPARD, State Director, Oregon/Washington BLM; KEN SALAZAR, Secretary, United States Department of the Interior; UNITED STATES BUREAU OF LAND MANAGEMENT,

              Defendants,

HARNEY COUNTY, a political subdivision of the State of Oregon,

No. 08-36041

D.C. No. 6:06-cv-00242-AA

2

Defendant-intervenor,

and

STEENS MOUNTAIN LANDOWNER
GROUP, INC.,

Defendant-intervenor -
Appellant.

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, Chief District Judge, Presiding

Argued and Submitted July 12, 2010
Portland, Oregon

Before: PREGERSON, WARDLAW and RAWLINSON, Circuit Judges.

The Oregon Natural Desert Association ("ONDA") appeals the district court's order granting the Bureau of Land Management ("BLM") summary judgment on ONDA's claim that the BLM violated the National Environmental Policy Act ("NEPA") when it issued a Resource Management Plan ("RMP") for the Andrews-Steens Cooperative Management and Protection Area ("ASCMPA"). In addition, the Steens Mountain Landowner Group ("SMLG") appeals the district court's order denying its motion to intervene. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

**1. ONDA's Wilderness Area Claims**

The district court did not err in granting BLM's motion for summary judgment on ONDA's claim that BLM violated NEPA when it rejected ONDA's recommendation that twenty-three areas within the ASCMPA receive wilderness area protections in the RMP. *See Klamath-Siskiyou Wildlands Ctr. v. BLM*, 387 F.3d 989, 992 (9th Cir. 2004) (standard of review). BLM convened an interdisciplinary team to review maps, wilderness inventories, and other information for each area in question, and it sent staff into the field to investigate lands when it determined that it required more information. *Cf. ONDA v. BLM*, 531 F.3d 1114, 1130–31 (9th Cir. 2008) (BLM violated NEPA by failing explicitly to consider wilderness characteristics). Though BLM would have been well-advised to provide in the Final Environmental Impact Statement ("FEIS") a more extensive discussion of its reasons for rejecting ONDA's recommendations, the FEIS sufficiently "discloses, discusses, and responds to" the substance of ONDA's comments because it makes clear that BLM considered the areas in question and found that they lacked the requisite wilderness characteristics. *Navajo Nation v. U.S. Forest Serv.*, 479 F.3d 1024, 1057 (9th Cir. 2007); *cf. Ctr. for Biological Diversity v. U.S. Forest Serv.*, 349 F.3d 1157, 1168 (9th Cir. 2003) ("Because the agency did not make such a disclosure, the final statement violates NEPA and its

4

implementing regulations."). Therefore, BLM satisfied NEPA by taking a "hard look" at the RMP's effect on wilderness resources.

## 2.  ONDA's Off-Road Vehicle Claims

The district court did not err in granting BLM's motion for summary judgment on ONDA's claim that BLM failed to consider a reasonable range of alternatives to off-road vehicle ("ORV") use. *See ONDA*, 531 F.3d at 1130 (standard of review).  BLM's stated goal as to ORV use was "to protect resource values, promote public safety, provide [ORV] and mechanized vehicle use opportunities where appropriate and allowable, and minimize conflicts among various users."  BLM considered five alternative approaches to achieve this goal, each involving different allocations of land that would fall along a spectrum from "open" to "closed" ORV access.  Under BLM's "no action" alternative, 170,084 acres were closed to ORV use; alternative B, by contrast, would close 853,764 acres, a five-fold increase in closed land.  Inclusion of this latter option in the range of considered alternatives brought BLM into compliance with NEPA.  *Cf. id.* at 1144–45.

## 3.  SMLG's Motion to Intervene

The district court did not err in denying SMLG's motion to intervene as of right under Federal Rule of Civil Procedure 24(a)(2).  *See United States v. Aerojet*

5

*General Corp.*, 606 F.3d 1142, 1148 (9th Cir. 2010) (standard of review).

SMLG's motion is controlled by circuit authority limiting intervention as of right in NEPA cases to "none but a federal defendant." *See Kootenai Tribe of Idaho v. Veneman*, 313 F.3d 1094, 1108 (9th Cir. 2002); *Wetlands Action Network v. U.S. Army Corps of Engineers*, 222 F.3d 1105, 1114 (9th Cir. 2000). Nor did the district court abuse its discretion in denying SMLG's motion for permissive intervention under Federal Rule of Civil Procedure 24(b). *See Prete v. Bradbury*, 438 F.3d 949, 954 n.6 (9th Cir. 2006) (standard of review).

**AFFIRMED.**